UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:17-CR-00327-02** |
| **VERSUS** | **JUDGE DRELL** |
| **DAVID WAYNE WILLIAMS (02)** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is Defendant, David Wayne William's Motion To Produce Plea Agreements and Factual Bases [Rec. Doc. 213] and the government's Response In Opposition thereto, [Rec. Doc. 218]. For the reasons set forth below, the undersigned recommends that the motion be denied.

### I BACKGROUND

Defendant, David Wayne William ("Movant"), was named in a First Superseding Indictment filed on March 15, 2018, charging him with one (1) count of Accessory After the Fact to the Murder of Clifton Hallmark in violation of 18 U.S.C. § 3. *R. 35*. Mover was also named in a Second Superseding Indictment filed on June 14, 2018, charging him with: Count 1, Accessory After the Fact to the Murder of Clifton Hallmark in violation of 18 U.S.C. § 3, Count 2, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Count 3,

Possession with Intent to Distribute a Controlled Substance, and Count 4, Possession of Firearm in Furtherance of a Drug Trafficking Crime. *R. 182*.

## II DISCUSSION

Movant contends he is entitled to a copy of the complete plea agreements, including the factual bases, of any co-defendants who have or will enter a guilty plea and will be called to testify on behalf of the government at the trial of this action. *R. 213*. Movant requests that the Court order the government to produce such complete plea agreements.

The government opposes Movant's motion, arguing that he is not entitled to the requested documents at this stage in the case.[1] The fact that a co-defendant has entered a guilty plea is not relevant as to the Movant's guilt. "A defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a Government witness or a codefendant has pled guilty to the same charge." *United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983).

Federal Rule of Criminal Procedure 16 does not authorize "the discovery or inspection of statements made by prospective government witnesses," except in the case of *Jencks* Act material. Fed.Rules Cr.Proc.Rule 16(a)(2); 18 U.S.C.A. § 3500. Thus, the plea agreements of co-defendants are only relevant if the case proceeds to trial and the government calls those co-defendants to testify. If that occurs, the

---

[1] The Court notes that the requested documents have been sealed.

2

requested documents would be *Jencks* Act material (or *Giglio* material).[2] In the event the government decides to call any of the co-defendants at issue at the October 1, 2018 trial of this action, then the Movant would be entitled to *Jencks* Act (or *Giglio*) material *but only* after the witness has testified on direct exam. Pursuant to the Court's Scheduling Order in this case, such material is typically provided not less than seven (7) days before trial. *R. 203, I. (b).*

### III CONCLUSION

For the reasons provided in the foregoing,

**IT IS RECOMMENDED** that Defendant, David Wayne William's Motion To Produce Plea Agreements and Factual Bases [Rec. Doc. 213] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court,

---

[2] See, Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972)

shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

**THUS DONE AND SIGNED** in chambers at Lafayette, Louisiana this 6th day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE