RECEIVED

AUG 2 1 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:17-CR-00327-02 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| DAVID WAYNE WILLIAMS | * | MAGISTRATE JUDGE WHITEHURST |
| a/k/a "Big Dave" | * | |

## PLEA AGREEMENT

### A.   INTRODUCTION

1.    This document contains the complete plea agreement between the Government and DAVID WAYNE WILLIAMS, a/k/a "Big Dave," the Defendant.  No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government.  The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

### B.   THE DEFENDANT'S OBLIGATIONS

1.    DAVID WAYNE WILLIAMS, a/k/a "Big Dave," shall appear in open court and plead guilty to the Counts 1, 2, 3, and 4 of the Second Superseding Indictment pending in this case.

2.    **Forfeiture**.   Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c),
Defendant agrees to forfeit all of his right, title, and interest in the following property
(hereinafter, collectively, the "Property"): one (1) Kel-Tec, Model P-11, 9 millimeter
semi-automatic pistol, bearing serial number AAV784.

a.    Defendant acknowledges that he possessed the Property in
violation of 18 U.S.C. § 922(g)(1) as set forth in Counts 2 and 3 of the Second
Superseding Indictment, and that the Property is therefore subject to forfeiture to
the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

b.    Additionally, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. §
2461(c), Defendant agrees to forfeit all of his right, title and interest in the Property.
Defendant acknowledges that the Property is subject to forfeiture to the United
States because the Property was involved in the commission of the violation of 21
U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A) as charged in Counts 2 and 3 of the
Second Superseding Indictment.

c.    Defendant waives all interests in and claims to the Property
described in Paragraph 2 above, and hereby consents to the forfeiture of the Property
to the United States. The forfeiture may be administrative, civil judicial, or criminal
in the Government's sole discretion. Defendant hereby waives, and agrees to the
tolling of, any rule or provision of law limiting the time for commencing, or providing
notice of, any administrative or civil judicial forfeiture proceeding with respect to the
Property, including, but not limited to, such limitations contained in 18 U.S.C. §§

DAVID WAYNE WILLIAMS – Plea Agreement
Page 2 of 9

924(d)(1) and 983 and 19 U.S.C. § 1621. Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that forfeiture of the Property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary order of forfeiture becoming final as to Defendant before sentencing if requested by the Government to do so.

      d.      Defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described in Paragraph 2 above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of

recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

C.   **THE GOVERNMENT'S OBLIGATIONS**

     1.    If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees that the pending Indictment will constitute the Defendant's sole criminal exposure based on the investigation which forms the basis of the Indictment.

     2.    The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

     3.    The government agrees to recommend a sentence at the low end of the guidelines sentencing range, as set forth in the Pre-Sentencing Investigation Report prepared by U.S. Probation.

DAVID WAYNE WILLIAMS – Plea Agreement
Page 4 of 9

D.     **SENTENCING**

DAVID WAYNE WILLIAMS, a/k/a "Big Dave," understands and agrees that:

1.     The punishment on Count 1 of the Second Superseding Indictment is an imprisonment term of not more than fifteen (15) years pursuant to 18 U.S.C. § 3 and a fine of up to $250,000 pursuant to 18 U.S.C. § 3571.

2.     The punishment on Count 2 of the Second Superseding Indictment is an imprisonment term of not more than ten (10) years pursuant to 18 U.S.C. § 924(a)(2) and a fine of up to $250,000.00 pursuant to 18 U.S.C. § 3571.

3.     The punishment on Count 3 of the Second Superseding Indictment is a minimum mandatory term of imprisonment of five (5) years up to forty (40) years pursuant to 21 U.S.C. § 841(b)(1)(B); and a fine of up to $5 million pursuant to 21 U.S.C. § 841(b)(1)(B), or up to $8 million if a prior drug felony is proved.

4.     The punishment on Count 4 of the Second Superseding is a minimum mandatory term of imprisonment of not less than five (5) years, consecutive to all other sentences pursuant to 18 U.S.C. § 924(c)(1)(A)(i), a maximum term of imprisonment of life, and a fine of up to $250,000.00 pursuant to 18 U.S.C. § 3571.

5.     He shall be required to pay a special assessment of $100, per count, **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

6.     He  may receive a term of Supervised Release of not more than three (3) years, per count, in length on Counts 1, 2, and 4 in addition to any term of imprisonment imposed by the Court;

7.     He  may receive a term of Supervised Release of not less than four (4) years and not more than five (5) years in length on Count 3, or a term of at least eight (8) years if a prior drug felony is proved, in addition to any term of imprisonment imposed by the Court;

8.     A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

9.     The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

10.     Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, that the Defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

DAVID WAYNE WILLIAMS – Plea Agreement
Page 6 of 9

11.     As part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case;

12.     This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

13.     The sentencing judge alone will decide what sentence to impose; and

14.     The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.     **REINSTATEMENT OF INDICTMENT**

DAVID WAYNE WILLIAMS, a/k/a "Big Dave," understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

F.     **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, DAVID WAYNE WILLIAMS, a/k/a "Big Dave." It accurately and completely sets

forth the entire plea agreement.  I concur in DAVID WAYNE WILLIAMS, a/k/a "Big Dave," pleading guilty as set forth in this plea agreement.

Dated: 31 July 2018

FRANK GRANGER, LA Bar No 06219
Attorney at Law
1135 Lakeshore Drive, 6th Floor
Lake Charles, Louisiana 70601
Telephone: (337) 439-1655

I have read this plea agreement and have discussed it with my attorney.  I fully understand the plea agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 7/31/18

DAVID WAYNE WILLIAMS, a/k/a "Big Dave"
Defendant

DAVID WAYNE WILLIAMS – Plea Agreement
Page 8 of 9

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

8-21-18
Date

DOMINIC ROSSETTI, CA Bar ID 287676
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

DAVID L. JAFFE
Acting Chief, Organized Crime and Gang Section
United States Department of Justice

8-21-18
Date

DAVID N. KARPEL, CO Bar ID 17865
Trial Attorney, Organized Crime and Gang Section
1301 New York Ave, NW, Suite 700
Washington, DC 20005
Telephone: (202) 307-5715